IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| BRIAN LANDON BROWN, | ) |
| Movant, | ) ) ) Civil Action No. |
| v. | ) 5:18-CV-210-C ) 5:17-CR-014-01-C |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

### ORDER

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge therein advising the Court that Movant's Motion for Reconsideration should be granted in part and to the extent that the undersigned Senior United States District Judge consider the evidence presented at Movant's evidentiary hearing.[1] Movant timely filed objections to the Magistrate Judge's Recommendations on December 9, 2019.

The Court conducts a *de novo* review of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which a timely objection is made. 28 U.S.C. § 636(b)(1)(C). Portions of the report or proposed findings or recommendations that are not the subject of a timely objection will be accepted by the Court unless they are clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

After due consideration and having conducted a *de novo* review, the Court finds that Movant's objections should be **OVERRULED**. The Court has further conducted an independent

---

[1] The Magistrate Judge has further advised that, after holding an evidentiary hearing, Movant has failed to satisfy his burden in demonstrating that counsel provided ineffective assistance by failing to object to the drug weight—i.e. 10 grams per day for 34 months as stated in the Presentence Report.

review of the Magistrate Judge's findings and conclusions and finds no error. It is therefore **ORDERED** that the Findings, Conclusions, and Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court.[2] For the reasons stated therein, the Court shall amend its original Order and Judgment to reflect that, after holding an evidentiary hearing, Movant has failed to satisfy his burden in demonstrating that counsel provided ineffective assistance by failing to object to the drug calculations as contained within the Presentence Report.

SO ORDERED this 11th day of December, 2019.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Movant's Motion for Reconsideration of the Court's Denial of Movant's Motion for Post-Conviction Relief, filed May 2, 2019, is hereby **GRANTED IN PART** and solely to the extent Movant argues that the Court erred in its initial decision not to hold an evidentiary hearing.